UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ALVARO BORDA
and other similarly-situated individuals,

    Plaintiff(s),

v.

PUERTO MADERO INTERNATIONAL
CORPORATION,
d/b/a PM FISH & STEAK HOUSE

    Defendant,
_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, ALVARO BORDA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendant PUERTO MADERO INTERNATIONAL d/b/a PM FISH & STEAK HOUSE, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ALVARO BORDA is a resident of Miami-Dade County, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant PUERTO MADERO INTERNATIONAL d/b/a PM FISH & STEAK HOUSE (hereinafter PM FISH & STEAK HOUSE, or Defendant) is a Florida corporation, having

place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. All the action raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff ALVARO BORDA to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

6. Defendant PM FISH & STEAK HOUSE is an Argentinian restaurant located at 1453 S. Miami Avenue, Miami, FL 33130.

7. Defendant PM FISH & STEAK HOUSE, and HUGO E. POZZOLI employed Plaintiff ALVARO BORDA as a non-exempt full-time restaurant employee approximately from October 2011, to June 12, 2017, or 5 years plus seven months. However, for FLSA purposes the relevant time of employment is 154 weeks.

8. Plaintiff was hired to work as a server. For the relevant time of employment, Plaintiff was a head-server who was paid $11.37 an hour plus tips.

9. During his relevant employment period with Defendant, Plaintiff maintained an irregular schedule. Plaintiff usually had Wednesdays off, and he worked on Mondays and Tuesdays from 11:00 AM to 6:30 (7.5 hours each day); on Thursdays from 11:00 AM to 11:00 PM (12 hours); on Fridays, and Saturdays from 6:00 PM to 1:30 AM (7.5 hours each day); and on Sundays Plaintiff worked an average of 8.5 hours. Plaintiff did not take any bona-fide lunch period, and he worked a total of 50.5 hours every week.

10. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was paid just 40 regular hours or approximately $455.00 per week. Plaintiff's overtime hours were not paid at any rate, not even the minimum wage rate.

11. Therefore, Defendant failed to pay Plaintiff overtime at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

12. Plaintiff clocked in and out, and Defendant was able to keep track of hours worked by Plaintiff and other employees similarly situated. Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate.

13. On or about June 12, 2017, Plaintiff was demoted, and he was forced to resigned from his employment with PM FISH & STEAK HOUSE.

14. Plaintiff ALVARO BORDA seeks to recover overtime wages at the rate of time and a half his regular rate, for every hour in excess of 40 that he worked, and any other relief as allowable by law.

15. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

16. Plaintiff ALVARO BORDA re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

17. This cause of action is brought by Plaintiff ALVARO BORDA as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonably

attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2014, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

18. Defendant PM FISH & STEAK HOUSE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a fish and steak Argentinian restaurant, catering basically to tourist, and it is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

19. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff as a server, regularly originated credit card transactions. and he handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

20. Defendant PM FISH & STEAK HOUSE is an Argentinian restaurant located at 1453 S. Miami Avenue, Miami, FL 33130.

21. Defendant PM FISH & STEAK HOUSE employed Plaintiff ALVARO BORDA as a non-exempt full-time restaurant employee approximately from October 2011, to June 12, 2017, or 7 years plus seven months. However, for FLSA purposes the relevant time of employment is 154 weeks.

22. Plaintiff was hired to work as a server. For the relevant time of employment, Plaintiff was a head-server who was paid $11.37 an hour plus tips.

23. During his relevant employment period with Defendant, Plaintiff maintained an irregular schedule. Plaintiff did not take any bona-fide lunch period and he worked a total of 50.5 hours every week.

24. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was paid just 40 regular hours or approximately $455.00 per week. Plaintiff's overtime hours were not paid at any rate, not even the minimum wage rate.

25. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

26. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

27. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the

possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

28. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

29. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    \* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate. Commission, if any are not included in Plaintiff's regular wage rate. After proper discovery, we will adjust Statement of Claim properly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Twenty-Seven Thousand Five Hundred Sixty-Nine Dollars and 08/100 ($27,569.08)

    b. <u>Calculation of such wages</u>:
       Relevant weeks of employment: 154 weeks
       Total hours worked: 50.5 hours weekly
       Total overtime hours: 10.5 hours
       Paid weekly: $455.00
       Regular rate: $11.37 x 1.5= $17.05 O/T rate

       $17.05 O/T rate x 10.5 hours=$179.02 x 154 weeks=$27,569.08

       <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid overtime wages.

30. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

31. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

32. Defendant PM FISH & STEAK HOUSE, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALVARO BORDA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ALVARO BORDA and other similarly-situated individuals and against the Defendant PM FISH & STEAK HOUSE, and HUGO E. POZZOLI on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ALVARO BORDA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ALVARO BORDA demands trial by jury of all issues triable as of right by jury.

Dated: June 30, 2017 ,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*